IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN CARTER,

    Plaintiff,

vs.

W. J. SULLIVAN, et al.,

    Defendant.

CV F 07 0232 OWW WMW PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

ORDER DENYING MOTION TO CONSOLIDATE (D0C 13)

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the July 30, 2007, third amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi, Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR.

    Plaintiff's claims in this complaint appear to relate to his prosthetic foot.  Plaintiff also makes vague references to a medical appeal.  The third amended complaint on which this action proceeds consists of 37 pages of documents, interspersed with legal argument and factual

allegation.  The Court can not determine Plaintiff's specific claim, nor can the Court discern any factual allegations as to the individual defendants.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief, Plaintiff must allege facts indicating conduct on behalf of each named defendant.   Plaintiff will be provided with a form for a civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court will grant Plaintiff leave to file a fourth amended complaint that sets forth Plaintiff's factual allegations as to each defendant.  Plaintiff must also identify each defendant.

Plaintiff is also advised that It is inappropriate to attach exhibits to a complaint.  <u>See</u> Rule 8, Federal Rules of Civil Procedure.  Further, the court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness

affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  Plaintiff should therefore include only factual allegations in his fourth amended complaint.

Plaintiff also seeks to have this case consolidated with an earlier case.  Because Plaintiff has not alleged facts sufficient to state a claim for relief, his motion for consolidation should be denied.  Because there are no valid claims in this case, it does no serve judicial interests to consolidate this case with another action.

The court finds the allegations in plaintiff's third amended complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the third amended complaint must be dismissed.  The court will, however, grant leave to file a fourth amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

1  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
2  complaint be complete in itself without reference to any prior pleading.  This is because, as a
3  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
4  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
5  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
6  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's third amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3.  Plaintiff's motion for consolidation is denied.

IT IS SO ORDERED.

**Dated:   March 27, 2008**               **/s/  William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE

4